No. 75-CV-38—

EUGENE MEWES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 6, 1974.*

EUGENE MEWES, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal incident which occurred on March 17, 1974, at approximately 8:30 p.m. in Rock Island, Illinois. Claimant seeks payment for lost wages and medical expenses incurred from a stabbing which occurred when the claimant and his family were out for a drive. The claimant's family car was harrassed by another vehicle. When the claimant pulled to the side of the road in an attempt to avoid this other vehicle, it also stopped. Thereafter, the two drivers got out of the

respective vehicles and held a discussion. The other driver then pulled a knife and stabbed the claimant.

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois which substantiates matters set forth in the application based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime under Illinois Revised Statutes (1973) Ch. 70, par. 71, to wit:

"Aggravated Battery".

2. That said crime occurred on March 17, 1974, at Rock Island, Illinois, at which time the claimant suffered a stab wound in his abdomen.

3. That said crime was reported to the Rock Island Police Department promptly and the claimant at all times has cooperated with law enforcement officials.

4. That no evidence exists that the claimant provoked or was the substantial cause of his attack.

5. That the assailant, Terry J. Billington, was apprehended, indicted and subsequently pled guilty to the charge of "aggravated battery" in the Circuit Court of Rock Island County, No. 74-CF-100.

6. Claimant is not a relative of or a member of the same household of the assailant.

7. Claimant has suffered damages in excess of $200 compensable by Section 74 of the Act; to wit:

| | | |
|---|---|---|
| A. | Hospital | $ 198.53 |
| B. | Doctor | 66.00 |
| C. | Loss of Wages | 409.56 |
| | | $ 674.09 |

8. Claimant has received, as a result of the injury sums of money that are set-offs to any claim under the Act; to wit:

A. Insurance ................................... $143.63

9. Pursuant to Par. 77(d) of the Act, the Court must deduct the first $200 of expenses.

10. That the proof submitted in support satisfies all of the requirements of this Act, and the claim is, therefore, compensible thereunder.

IT IS HEREBY ORDERED that the sum of $330.46 (THREE HUNDRED THIRTY DOLLARS AND FORTY SIX CENTS) be awarded Eugene Mewes as an innocent victim of a violent crime.